PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE __WESTERN_____ DISTRICT OF TEXAS

### __SAN ANTONIO_____ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY
## A PERSON IN STATE CUSTODY

:

__CORNEL JACKIE BRUMMER_____

**PETITIONER**
(Full name of Petitioner)

__JOHN B. CONNALLY_____
CURRENT PLACE OF CONFINEMENT

VS.

__#00619316_____
PRISONER ID NUMBER

__BOBBY LUMPKIN_____

**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

~~_____~~
CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1.    The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.    Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.    Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.    If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

Rev. 09/10

5.  Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

☒   A judgment of conviction or sentence,     (Answer Questions 1-4, 5-12 & 20-25)
      probation or deferred-adjudication probation.

☐   A parole revocation proceeding.        (Answer Questions 1-4, 13-14 & 20-25)

☐   A disciplinary proceeding.            (Answer Questions 1-4, 15-19 & 20-25)

☐   Other:_____      (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 144th Judicial District Court Bexar County, Texas, 99 years -Murder

2.  Date of judgment of conviction: June 12, 1992

3.  Length of sentence: 99 years

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 1991-CR-1948A

         Rev. 09/10

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)   ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6.  Kind of trial: (Check one)   ☒ Jury   ☐ Judge Only

7.  Did you testify at trial?   ☒ Yes   ☐ No

8.  Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? 4th Court
    of Appeals, San Antonio    Cause Number (if known): 04-92-00406CR

    What was the result of your direct appeal (affirmed, modified or reversed)? AFFIRMED

    What was the date of that decision? MAY 26, 1993

    If you filed a petition for discretionary review after the decision of the court of appeals, answer
    the following:

    Grounds raised: _____ NO _____

    _____

    Result: _____ N/A _____

    Date of result: _____ N/A _____    Cause Number (if known): N/A

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the
    following:

    Result: _____ NO _____

    Date of result: _____ N/A _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this
    judgment in any court, state or federal?  This includes any state applications for a writ of habeas
    corpus that you may have filed.   ☐ Yes   ☒ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _____ N/A _____

    Nature of proceeding: _____ N/A _____

    Cause number (if known): _____ N/A _____

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-

Rev. 09/10

stamped date from the particular court: _____N/A_____

Grounds raised: _____N/A_____

_____

Date of final decision: _____N/A_____

What was the decision? _____N/A_____

Name of court that issued the final decision: _____N/A_____

As to any second petition, application or motion, give the same information:

Name of court: _____N/A_____

Nature of proceeding: _____N/A_____

Cause number (if known): _____N/A_____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: _____N/A_____

_____

Grounds raised: _____N/A_____

_____

Date of final decision: _____N/A_____

What was the decision? _____N/A_____

Name of court that issued the final decision: ___N/A_____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?    ☐ Yes    ☒ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____N/A_____

_____

(b)    Give the date and length of the sentence to be served in the future: _____

_____N/A_____

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the

—4—                                                              Rev. 09/10

sentence you must serve in the future?    ☐ Yes    ☒ No

**Parole Revocation:**

13.    Date and location of your parole revocation: June 12, 1992

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?    ☐ Yes    ☒ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☒ Yes    ☐ No

16.    Are you eligible for release on mandatory supervision?    ☒ Yes    ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
N/A

Disciplinary case number: N/A

What was the nature of the disciplinary charge against you? N/A

18.    Date you were found guilty of the disciplinary violation: N/A

Did you lose previously earned good-time days?    ☐ Yes    ☒ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
N/A

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
N/A

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☐ Yes    ☒ No

If your answer to Question 19 is "Yes," answer the following:

<u>Step 1</u>  Result: N/A

Date of Result: N/A

Rev. 09/10

Step 2 Result: _____    N∅A

Date of Result: _____    ∩N/A

## All petitioners must answer the remaining questions:

20.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.  **GROUND ONE:** DEPRIVED OF DUE PROCESS ON DIRECT APPEAL ON A

CLAIM OF SUFFICIENCY OF EVIDENCE.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

WR.NO.# 15, 103-08 and WR.NO.# 15, 103-11, SINCE TRIAL IT

HAS BEEN DISCOVERED THAT NO CLERK'S RECORDS OR COURT RE-

PORTER'S RECORDS WERE EVER SENT TO 4TH COURT OF APPEALS

FOR RESOLUTION OF THE APPEAL ON SUFFICIENCY OF EVIDENCE

CLAIM/ NOT INFORMED OF OPINION/MANDATE ISSUED/NO PDR/

B.  **GROUND TWO:** ACTUAL INNOCENCE- "PRINCIPAL" VS. "PARTY"

LIABILITY.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

WR.NO.#15, 103-16 and WR.NO.# 15, 103-20-PETITIONER WAS

INITIALLY INDICTED AS THE "PRINCIPAL' ACTOR WITHOUT THE

PARTY LIABULLTY CO_CONSPIRATOR/CO-CONSPIRATOR WRITTEN ON

INDICTMENT. PETITIONERRTAKING TO TRIAL FIRST AS PRINCIPAL

WITHOUT CO_DEFENDANT/ CASE AFFIRMED ON PARTY LIABILITY

C.    **GROUND THREE:** WITHHOLDING OF BRADY MATERIAL SAPD-EVIDENCE
PROPERTYROOM TAGES ON CHAIN OF CUSTODY OF GUN SX.NO.#1

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
ON DIRECT APPEAL STATE RELIED ON TESTIMONY OF JAMES LITTLE,
WHO CLAIM HE SAW PETITIONER PLACE MURDER WEAPON IN HAND OF
DECEASED; RICHARD F. STENGELS, BALLISTIC EXPERT TESTIFIED
SX.NO.# 29 WAS IN FACT BULLET SLUG FROM BODY OF DECEASED AND
FIRED BY SX.NO. #1.

D.    **GROUND FOUR:** AGGRAVATED PERJURY-WR.NO.# 15,103-20-NEWLY
DISCOVERED EVIDENCE +SAPD CRIMINAL INVESTIGATIVE FILES

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
ON 2019 IT WAS DISCOVERED THROUGH MRS.EMILIE EATON-CRIMINAL
INVESTIGATIVE REPORT FOR SAN ANTONIO EXPRESS NEWS THAT ENTIRE
SAPD-CRIMINAL INVESTIGATIVE FILES WERE SENT TO OFFICE OF
TEXAS ATTORNEY GENERAL OCTOBER 12, 1994 AFTER HOMICIDE DETECTIVE
 WAS ALLOWED TO ALTER RECORDS WITH BLACK PERMANANT MARKER

21.    Relief sought in this petition: PETITIONER IS SEEKING AN EVIDENTIARY HEARING
BASED ON NEWLY DISCOVERED EVIDENCE REGARDING SAPD CRIMINAL
INVESTIGATIVE FILES BEING KNOWINGLY ALTERED ON OCTOBER 12,
1994, TWO YEARS AFTER HIS CONVICTIONS FOR MURDER COMMITTED
BY SAPD-HOMICIDE DETECTIVE ALVIN C. BROWN AT THE HANDS OF
FORMER SAN ANTONIO CITY'S ASSISTANT ATTORNEY MR.CHUCK WEIR
WHO SENT THE PETITIONER THE ALTERED DOCUMENTS IN USING TO
CHALLENGE THE LEGALITIES OF HIS CONFINEMENT.

Rev. 09/10

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No x x x x x
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

N/A
_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☒ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes  ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

N/A
_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____N/A_____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Mr.DeMetrio Duarte Jr,2200 Warner Ave,SA,Tx

(b) At arraignment and plea: Mr.DeMterio Duarte Jr,2200 Warner Ave,SA Tx

(c) At trial: Mr.DeMetrio Duarte Jr,2200 Warner Ave,SA,Tx

(d) At sentencing: Mr.DeMetrio Duarte Jr,2200 Warner Ave,SA,Tx

(e) On appeal: David W. Hutton Jr,9319 Blvd 26 ste 540, N.Richland Hill,Tx

(f) In any post-conviction proceeding: Pro-Se

Rev. 09/10

(g)    On appeal from any ruling against you in a post-conviction proceeding:  `Pro-Se`

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

`Petitioner did not file PBR and it has been discovered that`

`on direct appeal NO CLERK'S RECORDS or COURT REPORTER'S`

`RECORDS were ever sent to 4th Court of Appeals for resolurion` of

`of the appeal on a claim of insufficiency of evidence.to`

`support opinion and mandate. Deprived at ONE BIT OF THE APPLE`

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Rev. 09/10

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

8-17-2022 _____ (month, day, year).

Executed (signed) on 8-17-2022 _____ (date).

_____

Signature of Petitioner (required)

Petitioner's current address: 899 F.M. 632, Kenedy Texas, 78119

_____

−10−                                                    Rev. 09/10