UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **CORNEL JACKIE DRUMMER,** §<br>TDCJ No. **00619316,** §<br> §<br>Petitioner, §<br> §<br>v. §<br> §<br>**BOBBY LUMPKIN, Director,** §<br>**Texas Department of Criminal Justice,** §<br>**Correctional Institutions Division,** §<br> §<br>Respondent. § | CIVIL NO. SA-22-CA-0875-XR |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Cornel Jackie Drummer's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 10) and Memorandum in Support (ECF No. 12), Respondent Bobby Lumpkin's Answer (ECF No. 23), and Petitioner's Reply thereto (ECF No. 24). In his amended § 2254 petition, Petitioner challenges the constitutionality of his 1992 state court murder conviction and sentence of life imprisonment. Respondent contends Petitioner's § 2254 petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

**I. Background**

In June 1992, a Bexar County jury convicted Petitioner of first-degree murder for which he was sentenced to life imprisonment. *State v. Drummer,* No. 91CR1948A (144th Dist. Ct., Bexar

Cnty., Tex. June 12, 1992); (ECF No. 22-7 at 90-92). The Texas Fourth Court of Appeals affirmed his conviction on direct appeal. *Drummer v. State*, No. 04-92-00406-CR (Tex. App.—San Antonio, May 22, 1993); (ECF No. 22-10). Despite being granted an extension of time until October 8, 1993, to file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals, Petitioner did not file a PDR challenging the instant conviction.[1] (ECF No. 22-12 at 4).

Instead, Petitioner waited until February 22, 1999, to file a state habeas corpus application challenging his conviction and sentence. *Ex parte Drummer*, No. 15,103-08 (Tex. Crim. App.); (ECF No. 22-60 at 16). The Texas Court of Criminal Appeals denied the application without written order on December 20, 2000. (ECF No. 22-60 at 2). Petitioner then waited until April 2009 to file a second state habeas application challenging his conviction and sentence which was ultimately denied by the Texas Court of Criminal Appeals without written order in June 2009. *Ex parte Drummer*, No. 15,103-11 (Tex. Crim. App.); (ECF No. 22-67 at 2, 16). Petitioner eventually filed two more state habeas applications challenging the instant conviction in May 2015 and March 2022, both of which the Texas Court of Criminal Appeals dismissed as successive pursuant to Tex. Code Crim. Proc. Art. 11.07, § 4(a)-(c). *Ex parte Drummer*, Nos. 15,103-16, -20 (Tex. Crim. App.); (ECF Nos. 22-78, 22-80, 22-91, and 22-102).[2]

Thereafter, Petitioner placed his original federal habeas petition in the prison mail system on August 8, 2022. (ECF No. 1 at 11). Petitioner later filed an amended petition and supplemental memorandum in support raising additional allegations. (ECF Nos. 10, 12). In his amended § 2254 petition and supplemental memorandum, Petitioner argues, among other things, that: (1) his trial

---

[1] Petitioner did file a PDR in March 2019, but it did not challenge his conviction for first-degree murder. Rather, the PDR challenged the trial court's denial of a motion for post-conviction DNA testing in January 2018. *See Drummer v. State*, No. 1406-18 (Tex. Crim. App. 2019); (ECF No. 22-46). The instant federal habeas petition does not challenge the denial of DNA testing.

[2] Since his 1992 conviction, Petitioner has also filed numerous requests for mandamus relief which have also been rejected by the Texas Court of Criminal Appeals.

counsel rendered ineffective assistance by failing to conduct an adequate pre-trial investigation, (2) the prosecution failed to disclose an evidence room receipt and release form which revealed that the murder weapon was never produced to the medical examiner, (3) the prosecution committed misconduct by using falsified ballistic evidence to convict him, (4) he was deprived of a meaningful appeal, and (5) he is actually innocent of the murder charge.

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final no later than October 8, 1993, when the time for filing a PDR with the Texas Court of Criminal Appeals actually expired. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."); *Brown v. Thaler*, 455 Fed. App'x 401, 405 (5th Cir. 2011) (unpublished) (noting that a conviction becomes final for a petitioner who has been granted an extension to file a PDR, but who fails to file the PDR, on the date on which the petitioner could no longer seek direct review).

However, the one-year limitations period of § 2244(d)(1) did not become effective until April 24, 1996, the day Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* Pub. L. No. 104–132, 110 Stat. 1217. As a result, the limitations period

3

under § 2244(d) for Petitioner to file a federal habeas petition challenging his underlying murder conviction expired a year later on April 24, 1997. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998) (finding such petitioners have one year after the April 24, 1996, effective date of AEDPA in which to file a § 2254 petition for collateral relief).

Because Petitioner did not file his original § 2254 petition until August 8, 2022—over twenty-five years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.[3]

**A.**     **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." While Petitioner challenged the instant conviction and sentence by filing several applications for state post-conviction relief, none of the applications were filed prior to Petitioner's limitations period

---

[3] In his original § 2254 petition, Petitioner alleges that in 2019, he "newly discovered" that the police case file was sent to the Office of the Attorney General that was withheld despite requests under the Texas Public Information Action. It is unclear how this information pertains to the claims raised in his petition. But even giving Petitioner the benefit of the doubt and assuming the allegation is true and relevant, the limitations period under § 2244(d) for filing a federal habeas petition still would have expired a year later in 2020. Because Petitioner did not file his § 2254 petition until August 2022, his first claims would still be barred by AEDPA's one-year statute of limitations.

expiring in April 1997. Because the state habeas applications filed by Petitioner—including the two successive applications filed in May 2015 and March 2022—were filed after the time for filing a federal petition under § 2244(d)(1) had lapsed, they do not toll the one-year limitations period.[4] *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). As such, the instant § 2254 petition, filed August 8, 2022, is still late.

**B.    Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not provided this Court with any valid reason to equitably toll the limitations period in this case. Even with the benefit of liberal construction, Petitioner is not entitled to the application of equitable tolling because he has not demonstrated the existence of an "extraordinary circumstance" that prevented his timely filing. Indeed, a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period.

---

[4]    Petitioner's numerous mandamus requests similarly do not warrant tolling because they did not seek review of the underlying judgment. *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (finding a mandamus application did not toll the limitations period because it was not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment.").

*U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Each of the allegations in Petitioner's amended federal petition concern the constitutionality of his June 1992 conviction and sentence, yet Petitioner did not submit his first state habeas corpus application challenging the conviction until February 1999, well after his conviction had become final after the enactment of the AEDPA. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence.").

Further, Petitioner has not provided any legitimate reason why he waited over eight years after the Texas Court of Criminal Appeals denied his first state habeas application in December 2000 before filing his second state habeas application in April 2009. He similarly provides no explanation for why he waited six years in between filing his third and fourth state habeas applications.

In short, Petitioner fails to establish that his claims could not have been discovered and presented much earlier. Because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

C.     **Actual Innocence**

Finally, Petitioner contends that his untimeliness should be excused because of the actual-innocence exception. In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, Petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. Petitioner seems to argue that certain evidence presented at his trial—the murder weapon, in particular—was never retrieved from the police property room or submitted to the medical examiner to be test fired. However, such conclusory assertions do not constitute "*new* reliable evidence" establishing his innocence. *See Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) ("[A]bsent evidence in the record," a court cannot "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.") (citation omitted); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). Such an

7

allegation, unsupported by any argument or "newly-discovered evidence" that might call the jury's decision into question, is insufficient.

In addition to being conclusory and failing to establish his innocence, Petitioner's arguments were already rejected by the state court during Petitioner's state habeas proceedings and do not undermine confidence in the outcome of his trial. Consequently, the untimeliness of Petitioner's federal habeas petition will be not excused under the actual-innocence exception established in *McQuiggin*.[5]

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

---

[5] To the extent Petitioner also raises a "freestanding" claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390, 417 (1993), this claim still would not provide a cognizable basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. at 400). The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *see also Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by over twenty-five years. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

### IV. <u>Conclusion</u>

After careful consideration, the Court concludes that Petitioner's amended § 2254 petition (ECF No. 10) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Cornel Jackie Drummer's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 10) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3.  All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 14th day of February, 2023.

                                                         **XAVIER RODRIGUEZ**
                                                 **United States District Judge**